# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRY HUMLEKER,**

    **Plaintiff,**

**v.**                                                              Case No: 6:19-cv-121-Orl-31EJK

**BOSTON SCIENTIFIC CORPORATION,**

    **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion to Dismiss (Doc. 24) Counts III and V of the Plaintiff's Amended Complaint (Doc. 20).

### I. Background

The Plaintiff alleges that she was injured by the Solyx Single Incision Sling System,[1] which is a product manufactured by the Defendant, Boston Scientific Corporation.

The Amended Complaint contains eight counts. Count III alleges strict liability manufacturing defect and Count V alleges breach of express warranty. Boston Scientific argues that Counts III and V "should be dismissed because they are either barred by Florida law or not pled with sufficient particularity." Doc. 24 at 1.

### II. Legal Standards

#### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir.

---

[1] The Solyx sling is a pelvic mesh device designed to treat stress urinary incontinence.

1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### B. Strict Liability

"In order to establish strict liability, appellants must allege and prove the manufacturer's relationship to the product in question, the defect, the unreasonably dangerous condition of the product, and the existence of a proximate causal connection between the condition and the user's injuries or damage." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir.

2008) (quoting *West v. Caterpillar Tractor Co.*, Inc. 336 So.2d 80, 87 (Fla.1976)) (internal quotation marks omitted).

### III. Analysis

Boston Scientific first argues that Count III fails to state a claim because it "does not allege how [the product] was defective with respect to its manufacture." Doc. 24 at 3. Boston Scientific takes issue with the fact that the Plaintiff's allegations "go to the overall design of the Solyx sling, not the manufacture of Plaintiff's specific device." *Id.* at 4. However, the Eleventh Circuit has expressed skepticism that Florida law requires a plaintiff to specifically plead whether a defect was due to a product's design or manufacture for purposes of strict liability claims. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir. 2008). And Plaintiffs are not required to plead the precise manufacturing defect that caused the harm. *Godelia v. Doe 1*, 881 F.3d 1309, 1318 (11th Cir. 2018). Particularly under the circumstances here, requiring such specificity prior to discovery would be unfair to the Plaintiff. The Plaintiff has adequately alleged that a defective product has injured her.

Boston Scientific next contends that Count V fails for lack of privity. Under Florida law, there is some question as to whether there must be in privity of contract to recover under theories of breach of express warranties. *See Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009). Medical devices such as the one at issue here are not purchased directly from the manufacturer by the ultimate recipient; rather, a health care provider purchases them from the manufacturer. However, the Eleventh Circuit recently cast doubt on the oft-repeated rule that there can be no privity when a prescription is required for purchase. *Godelia v. Doe 1*, 881 F.3d 1309, 1321 (11th Cir. 2018). Such doubt is sensible. If privity were always required when a prescription-only product carried an express warranty, manufacturers would be able to unfairly hide behind the

prescription as breaking the chain of privity. "The manufacturer can hardly be heard to resurrect a common law requirement of privity when it has itself voluntarily provided a warranty that runs in favor of remote purchasers of its product." *Fischetti v. Am. Isuzu Motors*, Inc., 918 So. 2d 974, 976 (Fla. 4th DCA 2005). Further, here, the Plaintiff has plausibly alleged that she can meet the "relaxed" privity standard that some courts have deemed appropriate. *Cf. Atl. Specialty Ins. Co. v. Mercier Marine Enter., LLC*, No. 2:18-CV-93-FTM-29CM, 2018 WL 2331979, at *4 (M.D. Fla. May 23, 2018) ("Florida courts have recognized a relaxed privity requirement in express warranty claims where a manufacturer makes direct representations to a purchaser."). The Plaintiff alleged that the Defendant purposely targeted women like her with direct advertising, and that she relied on the safety claims in those advertisements. At this stage, that is sufficient.

For the foregoing reasons, the Motion to Dismiss (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 2, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party